J-S49009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.M.P., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 296 MDA 2015 |

Appeal from the Dispositional Order entered January 23, 2015,
in the Court of Common Pleas of Perry County,
Juvenile Division, at No(s): CP-50-JV-0000019-2014

BEFORE: BENDER, P.J.E., ALLEN, and OLSON, JJ.

DISSENTING MEMORANDUM BY ALLEN, J: **FILED AUGUST 25, 2015**

Respectfully, I dissent. Unlike the Majority, I conclude that "the record of the proceeding before the juvenile court [is] legally and factually adequate to sustain the findings of fact and the order of the court." Majority at 7 (quoting **In Interest of Helmen**, 372 A.2d 163, 167 (Pa. Super. 1974)).

In **Helmen**, this Court concluded that because another juvenile admitted to intentionally igniting a fire that destroyed a barn, the record did not support the juvenile court's finding that Helmen was guilty of criminal mischief. **Helmen**, 327 A.2d at 166. **Helmen** did not involve the broad discretion that the juvenile court employs when determining whether a juvenile is in need of further treatment, supervision or rehabilitation. Here, the fact that the juvenile court rejected the counselor's testimony regarding

the court's ultimate factual conclusion regarding Appellant's need for further treatment, does not render the court's conclusion unsupported by the record. I categorically reject the Majority's suggestion that the juvenile court's conclusion was "predetermined." Majority at 8. Rather, when finding that Appellant needed further treatment, the juvenile court stated: "I think those situations can go up and down as the counselor said due to stress . . . and that's why I think there's need of further treatment." N.T., 1/15/15, at 18. Thus, the juvenile court considered the counselor's testimony before reaching its conclusion. As stated by the juvenile court in its Pa.R.A.P. 1925(a) opinion, "the Court found that Appellant would need continued treatment in order to work through this incident as well as other times of high stress in his life." Juvenile Court Opinion, 4/13/15, at 6.

"In a juvenile proceeding, the hearing judge sits as finder of fact." **In re L.A.**, 853 A.2d 388, 391 (Pa. Super. 2004) (citation omitted). As such, "[t]he weight to be assigned the testimony of witnesses is within the exclusive province of the fact finder." **Id.** Moreover, "[t]he Juvenile Act grants broad discretion to the court in disposition[,]" and "[t]his Court will not disturb a disposition absent a manifest abuse of discretion." **Id.** at 394.

Instantly, the juvenile court credited the version of the incident given by a disinterested party over the version testified to by Appellant. It is this version of the event that the juvenile court assessed against the counselor's recommendation. In fact, toward the conclusion of the disposition hearing, when Appellant asked the juvenile court how it could have found the

- 2 -

testimony of the other witnesses more believable than his, the juvenile court responded: "The finder of facts make[s] a determination as to credibility. And, to be honest with you, I don't even think that was close in this case." N.T., 1/15/15, at 20. As an appellate court, we cannot disturb this determination. **L.A.**, **supra**.

Based on my review of the record, the juvenile court provided sufficient reasons for its conclusion that Appellant was in need of further treatment pursuant to 42 Pa.C.S.A. section 6352(c). I would affirm the juvenile court's disposition order.